MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (21 DC Center 2) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------X

JORGE INES CARCAMO, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

DC CENTER INC. (D/B/A FRESH LAUNDROMAT & CLEANERS), and KYUNG WON LEE,

*Defendants.*

-----------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION**

**ECF Case**

Plaintiff Jorge Ines Carcamo ("Plaintiff Ines" or "Mr. Ines"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against DC Center Inc. (d/b/a Fresh Laundromat & Cleaners) ("Defendant Corporation") and Kyung Won Lee ("Individual Defendant") (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Ines is a former employee of Defendants DC Center Inc. (d/b/a Fresh Laundromat & Cleaners) and of Kyung Won Lee.

2. Defendants own, operate, or control a laundry/dry cleaning service located at 47-75 48th Street, Woodside, NY 11377, under the name "Fresh Laundromat & Cleaners".

3. Upon information and belief, Individual Defendant Kyung Won Lee serves or served as an owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the laundry/cleaning center as a joint or unified enterprise.

4. Plaintiff Ines has been employed as an ironer at the laundry/cleaning center located at 47-75 48th Street, Woodside, NY 11377.

5. At all times relevant to this Complaint, Plaintiff Ines worked for Defendants in excess of 40 hours per week without appropriate minimum wage, overtime, and spread-of-hours compensation for the hours he worked.

6. Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked and have failed to pay Plaintiff Ines appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants have failed to pay Plaintiff Ines the required “spread of hours” pay for any day in which he had to work over 10 hours a day.

8. Defendants’ conduct extended beyond Plaintiff Ines to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Ines and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state laws and regulations.

10. Plaintiff Ines now brings this action on behalf of himself and other similarly situated individuals for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (“FLSA”), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the “NYLL”), and the “spread of hours” and overtime wage orders of the New York Commissioner of Labor, codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6 (herein

the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

11. Plaintiff Ines now brings this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Ines's state-law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial portion of the events or omissions giving rise to the claims occurred in this district; Defendants maintain their corporate headquarters and offices within this district; and Defendants operate a laundry/dry-cleaning service located in this district. Further, Plaintiff Ines has been employed by Defendants in this district.

**PARTIES**

*Plaintiff*

14. Plaintiff Jorge Ines Carcamo ("Plaintiff Ines" or "Mr. Ines") is an adult residing in Queens County, New York. Plaintiff Ines has been employed by Defendants at Fresh Laundromat & Cleaners since approximately September 2020.

15. Plaintiff Ines consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants own, operate, or control a laundry /dry cleaning service, located at 47-75 48th Street, Woodside, NY 11377 under the name "Fresh Laundromat & Cleaners".

17. Upon information and belief, DC Center Inc. (d/b/a Fresh Laundromat & Cleaners) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 47-75 48th Street, Woodside, NY 11377.

18. Defendant Kyung Won Lee is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kyung Won Lee is sued individually in his capacity as owner, officer, and/or agent of Defendant Corporation. Defendant Kyung Won Lee possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Ines, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

19. Defendants operate a laundry /dry cleaning service located in the Woodside neighborhood of Queens in New York City.

20. Individual Defendant, Kyung Won Lee, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

21. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

22. Each Defendant possessed substantial control over Plaintiff Ines's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Ines, and all similarly situated individuals, referred to herein.

23. Defendants jointly employed Plaintiff Ines (and all similarly situated employees) and are Plaintiff Ines's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

24. In the alternative, Defendants constitute a single employer of Plaintiff Ines and/or similarly situated individuals.

25. Upon information and belief, Individual Defendant Kyung Won Lee operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

26. At all relevant times, Defendants have been Plaintiff Ines's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Ines, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Ines's services.

27. In each year from 2020 to the present date, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

28. In addition, upon information and belief, Defendants and/or their enterprise are directly engaged in interstate commerce. As an example, numerous items that are used in the laundry/cleaning center on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

29. Plaintiff Ines is a former employee of Defendants who was employed as an ironer.

30. Plaintiff Ines seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jorge Ines Carcamo*

31. Plaintiff Ines has been employed by Defendants from approximately September 2020 until the present date.

32. Defendants have employed Plaintiff Ines as an ironer.

33. Plaintiff Ines regularly handles goods in interstate commerce, such as the ironing machine and other supplies produced outside the State of New York.

34. Plaintiff Ines's work duties require neither discretion nor independent judgment.

35. Throughout his employment with Defendants, Plaintiff Ines has regularly worked in excess of 40 hours per week.

36. From approximately September 2020 until the present date, Plaintiff Ines has worked from approximately 7:00 a.m. until on or about 9:00 p.m. Mondays through Fridays and from approximately 7:00 a.m. until on or about 4:00 p.m. three Saturdays a month (typically 70 to 79 hours per week).

Throughout his employment, Defendants have paid Plaintiff Ines his wages on a piece rate by check.

37. From approximately September 2020 until the present date, Defendants have paid Plaintiff Ines at a piecemeal rate of $0.45 per piece even for pieces worked after Plaintiff exceeded the 40-hour threshold within a single week. $500 to $600 per week.

38. On average, Plaintiff Ines has been paid between $500 and $600 per week depending on the amount of completed pieces.

39. Defendants have required Plaintiff Ines to keep a false record of hours worked; specifically, Defendants have required him to punch in at 8:00 a.m. and punch out at 4:30 p.m.

40. Defendants are not entitled to pay Plaintiff Ines at a piecemeal rate under the FLSA and NYLL.

41. No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Ines regarding overtime and wages under the FLSA and NYLL.

42. Defendants have not provided Plaintiff Ines an accurate statement of wages, as required by NYLL 195(3).

43. In fact, Defendants have adjusted Plaintiff Ines's pay stubs so that they reflect inaccurate wages and hours worked.

44. Defendants have not given any notice to Plaintiff Ines, in English and in Spanish (Plaintiff Ines's primary language), of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

45. As a result of Defendants' failure to provide Plaintiff Ines with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he has been prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Defendants' General Employment Practices*

46. At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Ines (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread-of-hours pay, and overtime compensation as required by federal and state laws and/or unlawfully applying a piecemeal rate against federal and state regulations.

47. Plaintiff Ines has been a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he is owed for the hours he has worked.

48. Defendants' pay practices have resulted in Plaintiff Ines not receiving payment for all his hours worked, and have resulted in Plaintiff Ines's effective rate of pay falling below the required minimum wage rate.

49. Defendants habitually have required Plaintiff Ines to work additional hours beyond his regular shifts but have not provided him with any additional compensation.

50. Defendants' timekeeping system does not reflect the actual hours that Plaintiff Ines has worked. Thus, the paychecks Defendants have given Plaintiff Ines are inaccurate.

51. Defendants willfully have disregarded and purposefully have evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

52. Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

53. Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiff Ines (and similarly situated individuals) have worked, and to avoid paying Plaintiff Ines properly for his full hours worked.

54. Defendants have engaged in this unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employee compensation by knowingly violating the FLSA and NYLL.

55. Defendants' unlawful conduct is intentional, willful, in bad faith, and has caused significant damages to Plaintiff Ines and other similarly situated former workers.

56. Defendants have failed to provide Plaintiff Ines and other employees with accurate wage statements at the time of his payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

57. Defendants have failed to provide Plaintiff Ines and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid

by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

58. As a result of Defendants' failure to provide Plaintiff Ines and other employees a Notice of Pay Rate or accurate wage statements with each payment of his wages, Plaintiff Ines and other employees have been prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he is underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to them.

**FLSA COLLECTIVE ACTION CLAIMS**

59. Plaintiff Ines brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

60. At all relevant times, Plaintiff Ines and other members of the FLSA and Rule 23 Class have been similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans, including willfully failing and refusing to pay them the required minimum wage, overtime pay at one and one-half his regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records as required under the FLSA.

61. The claims of Plaintiff Ines stated herein are similar to those of the other employees.

**FEDERAL RULE 23 CLASS ACTION ALLEGATIONS**

62. Plaintiff Ines sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

63. Plaintiff Ines brings his New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Ines, are referred to herein as the "Class."

64. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number is presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

65. There are questions of law and fact common to the Class including:

a) What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d) Whether Defendants have failed and/or refused to pay Plaintiff Ines the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e) Whether Defendants have failed and/or refused to pay Plaintiff Ines "Spread of Hours" Pay;

f) Whether Defendants improperly deducted "shorts" from the Plaintiff Ines's wages;

g) At what common rate, or rates subject to common methods of calculation, were and are Defendants have required to pay the class members for their work; and

h) What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class has been paid at overtime rates for minimum wage and overtime work.

66. The claims of the representative parties are typical of the claims of the class. Plaintiff Ines and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiff Ines was and are typical of those of class members.

67. The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiff Ines is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

68. The common questions of law and fact predominate over questions affecting only individual members.

69. A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual Plaintiff Ines lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

70. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

71. Plaintiff Ines repeats and realleges all paragraphs above as though fully set forth herein.

72. At all times relevant to this action, Defendants have been Plaintiff Ines's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Ines (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for his employment.

73. At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

74. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

75. Defendants have failed to pay Plaintiff Ines (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

76. Defendants' failure to pay Plaintiff Ines (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

77. Plaintiff Ines (and the FLSA and Rule 23 Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

78. Plaintiff Ines repeats and realleges all paragraphs above as though fully set forth herein.

79. Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiff Ines (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

80. Defendants' failure to pay Plaintiff Ines (and the FLSA and Rule 23 Class members) overtime compensation is willful within the meaning of 29 U.S.C. § 255(a).

81. Plaintiff Ines (and the FLSA and Rule 23 Class members) have been damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

82. Plaintiff Ines repeats and realleges all paragraphs above as though fully set forth herein.

83. At all times relevant to this action, Defendants have been Plaintiff Ines's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants have had the power to hire and fire Plaintiff Ines, have controlled the terms and conditions of his employment, and have determined the rates and methods of any compensation in exchange for his employment.

84. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiff Ines (and the FLSA and Rule 23 Class members) less than the minimum wage.

85. Defendants' failure to pay Plaintiff Ines (and the FLSA and Rule 23 Class members) the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

86. Plaintiff Ines (and the FLSA and Rule 23 Class members) have been damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

87. Plaintiff Ines repeats and realleges all paragraphs above as though fully set forth herein.

88. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiff Ines (and the FLSA and Rule 23 Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

89. Defendants' failure to pay Plaintiff Ines (and the FLSA and Rule 23 Class members) overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

90. Plaintiff Ines (and the FLSA and Rule 23 Class members) have been damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

91. Plaintiff Ines repeats and realleges all paragraphs above as though fully set forth herein.

92. Defendants have failed to pay Plaintiff Ines (and the FLSA and Rule 23 Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Ines's spread of hours has exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

93. Defendants' failure to pay Plaintiff Ines (and the FLSA and Rule 23 Class members) an additional hour's pay for each day Plaintiff Ines's spread of hours exceeded ten hours is willful within the meaning of NYLL § 663.

94. Plaintiff Ines (and the FLSA and Rule 23 Class members) have been damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

95. Plaintiff Ines repeats and realleges all paragraphs above as though fully set forth herein.

96. Defendants have failed to provide Plaintiff Ines with a written notice, in English and in Spanish (Plaintiff Ines's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

97. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Ines, Defendants have violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

98. Defendants are liable to Plaintiff Ines in the amount of $5,000, together with costs and attorneys' fees.

**<u>SEVENTH CAUSE OF ACTION</u>**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

99. Plaintiff Ines repeats and realleges all paragraphs above as though fully set forth herein.

100. With each payment of wages, Defendants have failed to provide Plaintiff Ines with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or

rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

101. As a result of Defendants' failure to furnish accurate statements to Plaintiff Ines, Defendants have violated the NYLL and/or applicable regulations thereunder, including, inter alia,

102. Defendants are liable to Plaintiff Ines in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**RECOVERY OF EQUIPMENT COSTS**

103. Plaintiff Ines repeats and realleges all paragraphs above as though fully set forth herein.

104. Defendants have required Plaintiff Ines to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

105. Plaintiff Ines (and the FLSA and Rule 23 class members) have been damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ines respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising him of the pendency

of this action, and permitting him to promptly file consents to be Plaintiff Ines in the FLSA claims in this action;

(b) Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ines and the FLSA and Rule 23 Class members;

(c) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ines and the FLSA and Rule 23 Class members;

(d) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Ines's and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiff Ines and the FLSA and Rule 23 Class members;

(f) Awarding Plaintiff Ines and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Ines and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ines (and the FLSA and Rule 23 Class members);

(i) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ines (and the FLSA and Rule 23 Class members);

(j) Declaring that Defendants have violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Ines (and the FLSA and Rule 23 Class members);

(k) Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Ines's (and the FLSA and Rule 23 Class members') compensation, hours, wages and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order are willful as to Plaintiff Ines (and the FLSA and Rule 23 Class members);

(m) Awarding Plaintiff Ines (and the FLSA and Rule 23 Class members) damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n) Awarding Plaintiff Ines (and the FLSA and Rule 23 Class members) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiff Ines (and the FLSA and Rule 23 Class members) liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p) Awarding Plaintiff Ines and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Ines and the FLSA and Rule 23 Class members the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Ines demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
September 21, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: /s/ Michael Faillace

Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com


September 4, 2026

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Jorge Ines Carcamo

Legal Representative / Abogado: Michael Faillace & Associates, P.C.

Signature / Firma: ______________________

Date / Fecha: September 4, 2026